# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 22-335(1) (DWF/DJF) |
| | Civil No. 24-2526 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Gerardo Sanchez-Acuna, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Gerardo Sanchez-Acuna's *pro se* amended motion to vacate under 28 U.S.C. § 2255. (Doc. No. 235.) The United States of America (the "Government") opposes the motion. (Doc. Nos. 218, 249.) Sanchez-Acuna filed several other motions as well. (Doc. Nos. 193, 212, 220, 221, 223, 225, 232.) For the reasons set forth below, the Court respectfully denies the motions.

## BACKGROUND

Sanchez-Acuna was charged with conspiracy to distribute controlled substances and distribution of a controlled substance on November 30, 2022. (Doc. No. 1.) At his first appearance on April 13, 2023, Sanchez-Acuna was ordered temporarily detained pending a decision on detention at his next hearing. (Doc. Nos. 45, 46.) On April 18, 2023, Magistrate Judge David T. Schultz held an arraignment and detention hearing, at which he ordered Sanchez-Acuna released on conditions. (Doc. Nos. 50, 51, 52.) On June 22, 2023, the Government filed a motion for reconsideration of detention because

the parties confirmed that Sanchez-Acuna is a noncitizen, U.S. Immigration and Customs Enforcement ("ICE") picked him up, and ICE was threatening to remove him in two weeks. (Doc. No. 63.) Defense counsel did not object to reopening detention because Sanchez-Acuna was in the process of applying for legal immigration status. (*Id.* at 2.)

The Court held a hearing on the motion for reconsideration on June 28, 2023. (Doc. No. 190.) Two days prior, Magistrate Judge Elizabeth Cowan Wright granted the Government's application for a writ of habeas corpus ad prosequendum to ensure Sanchez-Acuna's appearance at the hearing. (Doc. No. 65.) During the hearing, Sanchez-Acuna waived his right to contest detention but reserved his right to reopen the matter if circumstances changed, so the Court granted the Government's motion for detention and Sanchez-Acuna was committed to the custody of the U.S. Marshal. (Doc. No. 68.)

Defense counsel filed a first motion for reconsideration of detention on August 7, 2023. (Doc. No. 76.) The Court denied that motion on August 24, 2023. (Doc. No. 85.) Defense counsel filed a motion to dismiss and/or reconsider detention on September 1, 2023. (Doc. No. 86.) The Court granted that motion in part on September 13, 2023, only to direct the U.S. Marshal to notify ICE that Sanchez-Acuna was now in the custody of ICE. (Doc. No. 91.)

The Court held a status conference in this matter on September 28, 2023. (Doc. No. 101.) Six days prior to the status conference, Magistrate Judge Jon T. Huseby issued a writ of habeas corpus ad prosequendum to facilitate the appearance of Sanchez-Acuna at the status conference. (Doc. No. 96.) During the status conference, a change of plea

2

hearing was set for October 5, 2023.  (Doc. No. 101.)  During the change of plea hearing, Sanchez-Acuna pleaded guilty to distribution of a methamphetamine.  (Doc. Nos. 102, 103.)  Following his guilty plea, Sanchez-Acuna was committed to the custody of the U.S. Marshal.  (Doc. No. 102.)  Sanchez-Acuna was in the custody of the U.S. Marshal through his sentencing on January 8, 2024, at which point he was committed to the custody of the Bureau of Prisons.  (Doc. No. 147.)

At sentencing, this Court sentenced Sanchez-Acuna to a 36-month prison term to be followed by a three-year term of supervised release.  (*Id.*)  Sanchez-Acuna is currently incarcerated at FCI Sandstone with an anticipated release date of January 22, 2026.  *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited July 8, 2025).  Sanchez-Acuna moves to vacate his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel.[1]  (Doc. Nos. 235, 236.)  The Government filed two responses in opposition and an affidavit from Sanchez-Acuna's counsel, Andrew S. Garvis.  (Doc. Nos. 218, 219, 249.)  Sanchez-Acuna filed a variety of other motions as well:  one requesting an evidentiary hearing and several others requesting judgment in his favor or dismissal of the indictment.  (Doc. Nos. 212, 220, 221, 223, 225, 232.)

---

[1]    Sanchez-Acuna filed his first motion to vacate on June 27, 2024.  (Doc. No. 193.) On February 24, 2025, Sanchez-Acuna filed an amended motion to vacate.  (Doc. No. 235.)  He also filed a "suggestion of mootness," which the Court interprets as his concession that his original motion is now moot.  (Doc. No. 237.)  The Government did not object to Sanchez-Acuna filing an amended motion.  (*See* Doc. No. 241.) Accordingly, Sanchez-Acuna's first motion to vacate is denied as moot and the Court only considers the amended motion below.

# DISCUSSION

## I.    Motion to Vacate Under 28 U.S.C. § 2255

### A.    Analysis

A federal prisoner may move to vacate, set aside, or correct their sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or their sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Sanchez-Acuna moves to vacate his sentence based on ineffective assistance of counsel.  (Doc. No. 236 at 5-10.)

To establish an ineffective assistance of counsel claim, the defendant must show: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant's case.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (applying the *Strickland* standard to an ineffective assistance of counsel claim under § 2255).  Courts may address the prongs in any order and need not address both prongs if the defendant fails to meet their burden on one.  *Strickland*, 466 U.S. at 697.

On the first prong, courts "consider counsel's performance objectively and gauge whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'"  *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688).  Courts must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  On the second prong, a "defendant must show

4

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Counsel's failure to make a meritless argument or motion is insufficient to show ineffective assistance of counsel. *See, e.g.*, *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) ("Dyer's claims of ineffective assistance of counsel fail because we have just rejected as meritless the claim Dyer asserts counsel should have pursued."). Similarly, counsel is not ineffective solely because they followed the defendant's wishes at the time and the defendant now regrets the outcome of that decision. *See Taylor v. Steele*, 6 F.4th 796, 802 (8th Cir. 2021) ("[I]t does not follow that counsel violates a defendant's right to effective counsel by *yielding to* the defendant's ultimate authority in either a trial strategy or a fundamental decision."). Courts should "look to contemporaneous evidence" about a defendant's wishes, rather than the defendant's "*post hoc* assertions." *Lee v. United States*, 582 U.S. 357, 369 (2017).

Sanchez-Acuna raises four claims of ineffective assistance of counsel: (1) failure to timely object to the writ of habeas corpus ad prosequendum granted by Magistrate Judge Wright; (2) failure to challenge the Government's motion for reconsideration of the release order; (3) failure to move to dismiss the indictment based on Government misconduct; and (4) failure to timely move to dismiss the indictment based on Bail Reform Act violations. (Doc. No. 236 at 5-10.)

First, Garvis was not ineffective by failing to object to the first writ of habeas corpus ad prosequendum because any challenge to the writ would have been meritless. A

challenge to the writ would have been meritless because "a prisoner has no standing to attack the issuance and operation of the writ of habeas corpus ad prosequendum." *Derengowski v. U.S. Marshal*, 377 F.2d 223, 224 (8th Cir. 1967).[2]  Therefore, this ineffective assistance of counsel claim fails.

Second, Garvis was not ineffective by failing to challenge the Government's motion for reconsideration because his actions followed his client's wishes at the time. At the time of the motion, Sanchez-Acuna was in the process of applying for legal immigration status, and thus expressed a desire to remain in the country.  If he had remained in ICE custody, he likely would have been deported.  Honoring his client's wishes to remain in the country and continue his process for legal immigration status, Garvis did not contest the motion and Sanchez-Acuna knowingly waived his right to contest detention at the hearing.  His frustrations now about the outcome of this case are insufficient to support a claim of ineffective assistance of counsel.

---

[2]    *Derengowksi* involved a prisoner who was transferred from state court to federal court, *see* 377 F.2d at 223, whereas this case involves a transfer from ICE custody, one federal agency, to U.S. Marshal custody, another federal agency.  There is no precedent that specifically extends this standing rule to the federal-to-federal context, but the Court finds no reason that the rule would not apply in the federal-to-federal context.  In *Derengowski*, the Eighth Circuit reasoned that "[t]he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner."  377 F.2d at 224.  Although immigration courts and Article III courts are not separate sovereignties, there is still a level of coordination required between the entities to allow simultaneous exercises of jurisdiction. The writ of habeas corpus ad prosequendum facilitates that coordination, nothing more. Nothing about the changed context creates standing for a prisoner to attack the writ.

Third, Garvis was not ineffective by failing to move to dismiss the indictment based on Government misconduct.  The Government misconduct Sanchez-Acuna alleges is "repeated material omissions and misrepresentations of fact and law" in the Government's application for a writ of habeas corpus ad prosequendum.  (Doc. No. 236 at 9.)  Sanchez-Acuna does not point to any specific omissions or misrepresentations within the application and the Court did not find any omissions or misrepresentations after reviewing the document.  A writ of habeas corpus ad prosequendum is a simple form that contains only the defendant's name, the location where they are currently detained, the charges alleged against them, whether they will be returned or retained in federal custody, and details about the scheduled appearance.  (*See, e.g.*, Doc. No. 65.)  Any motion to dismiss the indictment based on alleged Government misconduct within this application would have been meritless.  Therefore, this ineffective assistance of counsel claim fails.

Fourth, Garvis was not ineffective by failing to move to dismiss the indictment at an earlier time because Sanchez-Acuna has not demonstrated that he was prejudiced by the timing of the motion to dismiss.  Sanchez-Acuna asserts that the timing affected the outcome of the Court's decision on that motion to dismiss, rather than the substantive arguments, but provides no explanation of why the timing mattered.  He only makes the conclusion that earlier filing would have resulted in the Court dismissing the indictment.  This is too speculative.  Sanchez-Acuna did not meet his burden of showing a reasonable probability that the result would have been different.  Thus, this ineffective assistance of counsel claim fails.

In conclusion, Sanchez-Acuna has not made the required showing on any of his four claims.  Accordingly, the Court denies his amended motion to vacate.  To the extent that any of Sanchez-Acuna's arguments could be interpreted as claims other than ineffective assistance of counsel claims, those claims are properly dismissed because he waived his right to make other kinds of arguments in his plea agreement.  (*See* Doc. No. 103 ¶ 14.)

### B.    Evidentiary Hearing

Sanchez-Acuna also moves for an evidentiary hearing.  (Doc. No. 232.)  A § 2255 motion can be dismissed without a hearing when:  (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Applying that standard to Sanchez-Acuna's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.  Most of Sanchez-Acuna's allegations are conclusory rather than statements of fact.  All other allegations, even if accepted as true, do not entitle him to relief.  Accordingly, the Court denies Sanchez-Acuna's motion for an evidentiary hearing.

### C.    Certificate of Appealability

A defendant cannot appeal a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial

showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, no issue raised is debatable among reasonable jurists. Therefore, no COA shall be issued.

## II.    Other Motions

Sanchez-Acuna brings a variety of other motions related to the timeliness of the Government's first response. (Doc. Nos. 212, 220, 221, 223, 225.) Some ask the Court to strike the Government's first response, others ask the Court to grant judgment in favor of Sanchez-Acuna or dismiss the indictment because of the Government's "untimely" response. As the Court previously recognized, the Government's first response was timely. (*See* Doc. No. 224.) Accordingly, these motions are denied as moot.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.    Defendant Gerardo Sanchez-Acuna's amended motion to vacate under 28 U.S.C. § 2255 (Doc. No. [235]) is **DENIED**.

2.    Defendant Gerardo Sanchez-Acuna's first motion to vacate under 28 U.S.C. § 2255 (Doc. No. [193]) is **DENIED AS MOOT**.

3.    Defendant Gerardo Sanchez-Acuna's motion to dismiss (Doc. No. [212]) is **DENIED AS MOOT**.

4.    Defendant Gerardo Sanchez-Acuna's motion for default judgment (Doc. No. [220]) is **DENIED AS MOOT**.

5.      Defendant Gerardo Sanchez-Acuna's motions for summary judgment (Doc. Nos. [221], [223]) are **DENIED AS MOOT**.

6.      Defendant Gerardo Sanchez-Acuna's motion to strike (Doc. No. [225]) is **DENIED AS MOOT**.

7.      Defendant Gerardo Sanchez-Acuna's motion for evidentiary hearing (Doc. No. [232]) is **DENIED**.  No evidentiary hearing is required in this matter.

8.      No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  July 9, 2025                              s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge