UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-335 (DWF)

UNITED STATES OF AMERICA,

Plaintiff,

v.

GERARDO SANCHEZ-ACUNA,

Defendant.

**GOVERNMENT'S MOTION TO DISMISS MOTION TO ALTER JUDGMENT UNDER RULE 59(e) OR FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)(1)**

The United States of America by its Attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Katharine T. Buzicky, Assistant United States Attorney, moves the Court for an Order dismissing Gerardo Sanchez-Acuna's motion under Rules 59(e) and 60(b)(1). The motion is in fact an unauthorized successive § 2255 motion, so the Court lacks jurisdiction to decide it.

## PROCEDURAL BACKGROUND

Following his conviction for a controlled substance offense, Sanchez-Acuna filed several pro se motions under 28 U.S.C. § 2255 attacking his conviction and arguing his former attorney, Andrew Garvis, was ineffective. Doc. Nos. 193, 212, 235. This Court denied all his claims and declined to issue a certificate of appealability. Doc. No. 251.

Sanchez-Acuna has now filed a motion under Federal Rules of Civil Procedure 59(e) and 60(b)(1), arguing this Court's Order denying his § 2255

claims contains various errors of fact and law. Doc. No. 254. He asks the Court to "alter, amend, or vacate" its Order and hold an evidentiary hearing as to each of his claims, or, in the alternative, issue a certificate of appealability. *Id.*

## LEGAL FRAMEWORK

Under the Antiterrorism and Effective Death Penalty Act, a defendant may file one motion under § 2255 unless he obtains permission from the Court of Appeals to file a second or successive motion. *See* 28 U.S.C. §§ 2244, 2255(e). The Eighth Circuit has consistently held that defendants "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros,* 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton,* 309 F.3d 1093 (8th Cir. 2002) (collecting cases). Any effort to use other statutes and rules as an "end-run around" the AEDPA statutory framework is invalid. *Jones v. Hendrix*, 599 U.S. 465, 469–70, 477 (2023).

Sanchez-Acuna's new motion invokes Federal Rules of Civil Procedure 59(e) and 60(b)(1). The former permits Courts to amend or alter a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As the Court recently explained in denying a similar motion, Rule 59(e) is designed to "correct[] manifest errors of law or fact or to present newly discovered evidence." *United States v. Jackson*, No. 21-cr-216(4), 2025 WL

1095543 at *1 (Apr. 11, 2025) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)). "A Rule 59(e) motion may not be used to relitigate old issues." *Id.* (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). If a defendant attempts "to resurrect the denial of [an] earlier § 2255 motion" via Rule 59(e), the motion must be dismissed for lack of jurisdiction. *Lambros*, 404 F.3d at 1036.

For its part, Rule 60(b)(1) allows a court to "relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Like Rule 59(b), Rule 60(b) cannot be used to avoid restrictions on second and successive § 2255 motions. *Boyd v. United States,* 304 F.3d 813, 814 (8th Cir. 2002). In fact, when a defendant files a motion under Rule 60(b) following an unsuccessful § 2255 motion, the Eighth Circuit recommends that the district court "files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). Relevant here, "claim" includes "an attack on the 'federal court's previous resolution of the claim on the merits.'" *Id.* (quoting *Gonzalez v. Crosby,* 545

3

U.S. 524, 532 (2005)). "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Gonzalez*, 545 U.S. at 532 n.4. "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA." *Ward*, 577 F.3d at 933.

The only role for Rule 60(b) in habeas proceedings is to correct "some defect in the integrity of the federal habeas proceedings," such as an erroneous denial based on procedural default or the statute of limitations or similar legal error. *See id.*; *Kemp v. United States*, 596 U.S. 598 (2022).

## ARGUMENT

### I.     The Court Should Dismiss Sanchez-Acuna's Motion for Lack of Jurisdiction.

Sanchez-Acuna's new motion invokes Rules 59(e) and 60(b)(1), but in substance it is an unauthorized successive motion under § 2255. The Eighth Circuit has not authorized Sanchez-Acuna to file such a motion. Accordingly, this Court should "dismiss [his motion] for failure to obtain authorization from the court of appeals." *Boyd,* 304 F.3d at 814. His efforts to circumvent the strict requirements for second-or-successive motions under § 2255 all fail for the reasons set forth below.

4

### A. Supplemental Claim 1 – Failure to File a Meritless Challenge to the Writ of Habeas Corpus ad Prosequendum

Sanchez-Acuna argues the Court committed an "error of law in holding that [he] lacked standing to challenge the writ of habeas corpus" that the government used to bring him from the custody of ICE to the custody of the United States Marshal. Doc. No. 254 at 3. That is a misstatement of the Court's decision. In fact, the Court held Garvis "was not ineffective by failing to object to the first writ of habeas corpus ad prosequendum because any challenge to the writ would have been meritless." Doc. No. 251 at 6.

Sanchez-Acuna cannot use either Rule 59(e) or Rule 60(b)(1) to challenge the Court's denial of that claim. The fact that Sanchez-Acuna disagrees with the Court's decision is not evidence of a "manifest" error of law under Rule 59(e). Instead, it is an effort to "resurrect" the claim, which *Lambros* forbids. *See* 404 F.3d at 1036.

Likewise, Rule 60(b)(1) cannot be used to relitigate the Court's conclusions that Garvis rendered competent legal representation and there was no *Strickland* prejudice for not filing a meritless motion challenging the writ. By attacking "the substance of the federal court's resolution of a claim on the merits" Sanchez-Acuna runs afoul of *Gonzalez*'s strict limits on the role of Rule 60(b)(1) in § 2255 proceedings. 545 U.S. at 532.

### B. Supplemental Claim 2 – Failure to Challenge the Government's Motion for Reconsideration Where Garvis Acted Consistently with Sanchez-Acuna's Wishes at the Time.

Sanchez-Acuna next argues that the Court committed "manifest error of fact" when it "infer[ed] that, because Sanchez-Acuna was a U-visa applicant, he wished to avoid ICE custody so he could avoid being deported." *Id*. at 4. Sanchez-Acuna asserts that "he was eligible to continue his application even if he were deported to Mexico" and therefore would not have objected to remaining in ICE custody.[1] *Id*.

That argument is also an unauthorized successive § 2255 claim. Sanchez-Acuna disputes the Court's finding that there was no ineffective assistance where Garvis "honor[ed] his client's wishes to remain in the country." *Id*. That is not factual error, let alone the "manifest error" required under Rule 59(e). Nor does Rule 60(b)(1) apply, because Sanchez-Acuna is attacking the Court's resolution of the issue on the merits. Once again, the Court lacks jurisdiction to consider Sanchez-Acuna's arguments.

---

[1] In making his argument, Sanchez-Acuna wholly ignores the entire record surrounding the government's motion for reconsideration, and the many steps Garvis and the Court took to ensure Sanchez-Acuna could contest his immigration proceedings. These include seeking a hearing on the matter, filing several submissions regarding Sanchez-Acuna's immigration status, the Court's directive that Sanchez-Acuna return to ICE custody so he could contest his immigration issues. *See* Doc. Nos. 76, 85, 86, 87, 91. Based on that record, the Court concluded that Garvis "followed his client's wishes at the time," and rendered competent legal representation. Doc. No. 251 at 6.

### C. Supplemental Claims 3 and 4 – Sanchez-Acuna's Baseless Claims of Government Misconduct and Argument that Garvis Should Have Moved to Dismiss the Indictment

Finally, Sanchez-Acuna raises two critiques of the content and format the of the Court's denial of his third and fourth supplemental claims. He asserts the Court failed to consider arguments about supposed government misconduct "taken directly from Sanchez-Acuna's 28 U.S.C. § 2255 motion" and address them in its Order, and that the Order should have stated whether the Court would have granted a hypothetical motion to dismiss. Doc. No. 254 at 5-6.

Those arguments are also attempts to relitigate a decision on the merits of a claim. *See Lambros*, 404 F.3d at 1036; *Gonzalez*, 545 U.S. at 532 & n.4. The Court should find it is without jurisdiction over Sanchez-Acuna's disputes with its denial of Supplemental Claims 3 and 4.[2]

### II.   The Court Should Decline to Issue a Certificate of Appealability or Order an Evidentiary Hearing.

There is no basis for a certificate of appealability or evidentiary hearing on this matter. The issues before the Court are not reasonably debatable, so a

---

[2] Sanchez-Acuna's arguments about Supplemental Claim 4 are also arguably barred by longstanding precedent prohibiting courts from issuing advisory opinions. *E.g. Pub. Water Supply Dist. No. 8 v. City of Kearney*, 401 F.3d 930, 932 (8th Cir. 2005) (holding courts cannot issue opinions "advising what the law would be upon a hypothetical state of facts").

certificate of appealability is not warranted. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

Nor is an evidentiary hearing necessary. The record in this case contains all information necessary to dispose of Sanchez-Acuna's claims. *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted). The Court should dismiss his new motion without any further proceedings on the issues raised.

## CONCLUSION

For all these reasons, this Court should dismiss Sanchez-Acuna's motion under Rules 59(e) and 60(b) as an unauthorized successive attack of his sentence under § 2255 for lack of jurisdiction.

Dated:  September 30, 2025

Respectfully submitted,

JOSEPH H. THOMPSPON
Acting United States Attorney

*s/ Katharine T. Buzicky*

By: KATHARINE T. BUZICKY
Assistant U.S. Attorney
Attorney ID No. 671031MA

8