UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 22-335(1) (DWF/DJF) |
| | Civil No. 24-2526 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Gerardo Sanchez-Acuna, | |
| Petitioner-Defendant. | |

**INTRODUCTION**

This matter is before the Court on Defendant Gerardo Sanchez-Acuna's *pro se* motion to alter, amend, or vacate judgment under Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 253.) The United States of America (the "Government") moves to dismiss Sanchez-Acuna's motion to vacate. (Doc. No. 259.) For the reasons set forth below, the Court dismisses in part and denies in part Sanchez-Acuna's motion to vacate.

**BACKGROUND**

The factual background of this case was thoroughly laid out in the Court's order dated July 9, 2025 (the "July 9th Order"). (Doc. No. 251.) In that order, the Court denied Sanchez-Acuna's motion to vacate sentence under 28 U.S.C. § 2255. (*See id.*) Sanchez-Acuna now moves to alter, amend, or vacate the July 9th Order under Rules 59(e) and 60(b)(1). He argues that the Court erred in its resolution of his § 2255 motion and in denying him a certificate of appealability. (*See* Doc. Nos. 253, 254.)

## DISCUSSION

I.  **Rule 59(e)**

Rule 59(e) allows a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  The limited purpose of Rule 59(e) is "correcting manifest errors of law or fact or to present newly discovered evidence." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)).  Because of its "corrective function," courts generally use Rule 59(e) "to reconsider matters properly encompassed in a decision on the merits." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citation modified).  A Rule 59(e) motion cannot be used to introduce new arguments or evidence that could have been raised prior to the decision. *See id.*

Sanchez-Acuna raises many attacks on the July 9th Order, but he fails to show any manifest error of law or fact.  His first two attacks are broad.  First, he says the Court erred because it did not analyze or distinguish every authority he cited in support of his motion. (Doc. No. 254 at 2.)  Courts are not required to discuss every authority a party raises. *See United States v. Beckman*, No. 11-cr-228, 2023 WL 3076544, at *2 (D. Minn. Apr. 25, 2023).  Thus, failure to address all authorities is not a manifest error of law or fact.  Second, he calls the Court's decision a "stark departure" from nationwide trends. (Doc. No. 254 at 2.)  Sanchez-Acuna provides no further explanation or support for this allegation.  This is not a manifest error of law or fact.

His other arguments attack the Court's decision on each of his four ineffective assistance of counsel claims.  His first claim asserted ineffective assistance of counsel

based on his counsel's failure to challenge a writ of habeas corpus ad prosequendum. The Court found this was not deficient because under *Derengowski v. U.S. Marshal*, 377 F.2d 223 (8th Cir. 1967), Sanchez-Acuna did not have standing to challenge the writ. (Doc. No. 251 at 5-6.)  Sanchez-Acuna argues that this is a manifest error of law and points to a nonprecedential opinion from the Northern District of Iowa, *United States v. Ramos-Lopez*, No. 23-cr-4059, 2023 U.S. Dist. LEXIS 166209 (N.D. Iowa Sept. 19, 2023), where a writ of habeas corpus ad prosequendum was denied.  (Doc. No. 254 at 3.) That case does not address defendant standing whatsoever and is non-binding.  This is not a manifest error of law.

His second claim argued ineffective assistance of counsel because counsel did not challenge the Government's motion for reconsideration.  The Court held that counsel was not deficient because he followed Sanchez-Acuna's wishes at the time of the motion. (Doc. No. 251 at 6.)  Sanchez-Acuna accuses the Court of manifest error of fact in concluding that his attorney followed his wishes at the time.  (Doc. No. 254 at 4.)  As the Court explained in the July 9th Order, courts look to contemporaneous evidence of a defendant's wishes, not *post hoc* assertions.  (Doc. No. 251 at 5.)  Sanchez-Acuna's present assertions cannot override the evidence in the record about his wishes at the time of the motion.  No evidentiary hearing was needed to sort through these assertions because his *post hoc* assertions were contradicted by the record.  This is not a manifest error of fact.

His third claim contended that counsel was ineffective by failing to move to dismiss the indictment based on material omissions and misrepresentations in the

3

Government's application for a writ of habeas corpus ad prosequendum. The Court found counsel was not deficient because it reviewed the application and found no evidence of a material omission or misrepresentation. (Doc. No. 251 at 7.) Sanchez-Acuna claims that the Court ignored his allegations of prosecutorial misconduct. (Doc. No. 254 at 5.) The Court did not ignore his allegations. It reviewed the application but found no evidence of material omissions or misrepresentations. Moreover, the "allegations" he accuses the Court of ignoring are statements clearly contradicted by the record or false legal conclusions. Sanchez-Acuna has not demonstrated any manifest error of law or fact.

His fourth claim stated that counsel was ineffective by failing to move to dismiss the indictment at an earlier time. The Court found the claim failed because Sanchez-Acuna did not show how he was prejudiced by such timing. (Doc. No. 251 at 7.) Sanchez-Acuna claims that the Court should not have denied this claim because it could have reasoned itself why the timing mattered. (Doc. No. 254 at 6.) The burden of proving a § 2255 claim does not rest with the Court. It rests with the defendant. Sanchez-Acuna provided no explanation of his assertion of prejudice, so the Court rightly denied it. There is no manifest error of law or fact.

Finally, Sanchez-Acuna asserts throughout his motion that the Court should have, "at the very minimum," issued a certificate of appealability. (*See* Doc. No. 254.) As the Court stated previously, Sanchez-Acuna has not demonstrated any issue that is debatable among reasonable jurists. While there may be differing law on the use of writs of habeas corpus ad prosequendum, that law is only tangentially related to the question at hand:

4

whether defense counsel was ineffective. Sanchez-Acuna did not show that his counsel's effectiveness is debatable among reasonable jurists, so he was not entitled to a certificate of appealability. The failure to give a certificate of appealability was not a manifest error of law or fact.

## II.   Rule 60(b)

Rule 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) applies in habeas proceedings, but a defendant cannot avoid the restrictions on second or successive habeas petitions by disguising a second or successive motion as a Rule 60(b) motion. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). Thus, courts must first determine whether the defendant's Rule 60(b) motion amounts to a second or successive § 2255 motion. *Id.* A Rule 60(b) motion amounts to a second or successive § 2255 motion when it attacks a court's previous habeas ruling on the merits or raises "new claims for relief." *Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021) (quoting *Gonzalez*, 545 U.S. at 531). In contrast, a Rule 60(b) motion can provide relief when a defendant attacks "some defect in the integrity of the federal habeas proceedings." *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

Sanchez-Acuna's motion under Rule 60(b) amounts to a second or successive § 2255 motion because he only attacks the Court's previous ruling based on the merits and does not raise any defect in the integrity of the proceedings. Sanchez-Acuna does not have the requisite permission from the court of appeals, so the Court must dismiss his Rule 60(b) motion. *See* 28 U.S.C. § 2255(h).

## CONCLUSION

Sanchez-Acuna has failed to demonstrate manifest errors of law or fact that require correction under Rule 59(e) and his Rule 60(b) motion amounts to an unauthorized second or successive § 2255 motion. Therefore, the Government's motion is granted in part and Sanchez-Acuna's motion is dismissed in part and denied in part.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. The Government's motion to dismiss (Doc. No. [259]) is **GRANTED IN PART**.

2. Defendant Gerardo Sanchez-Acuna's *pro se* motion to alter, amend, or vacate judgment under Rules 59(e) and 60(b)(1) (Doc. No. [253]) is **DISMISSED IN PART** and **DENIED IN PART** as follows:

    a. The Rule 59(e) motion is **DENIED**.

    b. The Rule 60(b) motion is **DISMISSED**.

Dated: December 10, 2025          s/Donovan W. Frank
                                                     DONOVAN W. FRANK
                                                     United States District Judge